# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**SHAMAR MONTGOMERY,**

                    **Case Nos. 2:20-cv-1080;**
                              **2:20-cv-1359;**
     **Plaintiff,**                   **2:20-cv-1361;**
                              **2:20-cv-1362**
                     **Judge George C. Smith**
                     **Magistrate Judge Kimberly A. Jolson**

     **v.**

**CHN COMMUNITY SUPPORT NETWORK, et al.,**

     **Defendants.**


## REPORT AND RECOMMENDATION AND ORDER

Plaintiff has filed six cases in this Court this year.  (*See* 2:20-cv-842; 2:20-cv-1080; 2:20-cv-1359; 2:20-cv-1360; 2:20-cv-1361; 2:20-cv-1362).[1]  The Judges have all agreed that these cases are related.  Two of these cases have already been found to be frivolous.  (*See* 2:20-cv-842 (Doc. 10); 2:20-cv-1360 (Doc. 3)).  Currently before the Undersigned are his remaining four pending cases: 2:20-cv-1080; 2:20-cv-1359; 2:20-cv-1361; and 2:20-cv-1362.

To begin, regarding civil action 2:20-cv-1080, the Clerk issued a deficiency notice on February 28, 2020, noting that Plaintiff failed to pay the required filing fee or file a motion for leave to proceed *in forma pauperis*.  (Doc. 2).  Plaintiff was required to cure this deficiency by March 30, 2020.  (*See id.*).  Because he has failed to do so, it is **RECOMMENDED** that this case be **DISMISSED without prejudice** for want of prosecution.  *See*, *e.g.*, *Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 348 (6th Cir. 2001).

---

[1] He has also filed similar actions in recent years.  (*See, e.g.*, 2:18-cv-187).

As for his other three pending cases, Plaintiff has filed Motions for Leave to Proceed *in forma pauperis*. (*See* 2:20-cv-1359 (Doc. 1); 2:20-cv-1361 (Doc. 1); 2:20-cv-1632 (Doc. 1)). Plaintiff's requests to proceed *in forma pauperis* are **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). But, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** these three actions.

## I.    LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.    DISCUSSION

Plaintiff has sued Franklin County Corrections, (*see* 2:20-cv-1359), Twin Valley Mental Health Services, (*see* 2:20-cv-1361), and the Columbus Police Department, (*see* 2:20-cv-1362). In each Complaint, he asserts:

> This is my second presentation of what I had found of why I was attacked by nonprofit organizations. I learned that psychology is a systematic understanding.

2

Which explains a great deal I have been a great understanding of intelligence One the fastest kid in my grad level and 8th grade I had one of the highest grades on the proficiency test of all time.  I had an administrator in juvenile court how would not lock me up because I was never at school but passed reading writing and citizenship.  me being of great use to work force facts showing from employment from White Castle they would not let me back into Columbus public schools. Which lead to me working when I was just a kid learning how to manage money. People that have mental issues are Jealous that suffer from personality dysfunctions and me being in customer service prove I was not.  But because of side effects of mental drugs I was in the streets looking for answer of why Columbus systems where after me.  These understandings come from Adolphe 1796-1874, Emil Kraelin 18556-1926 and I learn out the books.  The author Alan porter, Phycology, and H. Winter Griffth, M.D. a complete guild to prescription and nonprescription drugs.  I'm a man that has been successful in anything I been in and have overcome the best knowledge people in Columbus, Ohio.  While being in mental hospital less than a month and making it back to be punish not in the right of the Justice system. I have been beating in the head by cops in January 2004 and was sent to Mount Carmel hospital and treated for a head trauma.  There is much more and I asking for more time but case be open for Justice to be severed in my name.

* * *

I have did many of appeals and today I presenting health records that are not of good charter of Columbus Justice system, health systems, corrections and small business.  I had went and got my records from Mount Carmel hospital and found that on August 30 of 2009 that there where record coving of my records.  I had surgery do to the fact that I was incarcerated in was supposed to be realest on the 8th of that month.  I had got into a fight with a group of people that where held at the workhouse off frank RD. in Columbus, Ohio.  They had solved the situation and put me in a holding celling.  Where they gave me some mental drugs and help me there past my out date.  They expedited me to Twin Valley.  When arrived at Twin Valley they since that my arm was split open and would not take me in them condition and told to get me treated and bring me back.  The Columbus systems than not know that I was of a good sound mind and some day would figure my case out made of the records that I'm presenting to day.

(2:20-cv-1359 (Doc. 1-1); 2:20-cv-1361 (Doc.1-1); 2:20-cv-1362 (Doc.1-1)).

He makes only a handful of other vague allegations in each Complaint.  In his Complaint against Franklin County Corrections, he asserts:

I was cut about a inch maybe two on my right wrist and records where covered up and lies of my mental condition to support nonprofit organizations!

(2:20-cv-1359 (Doc.1-1 at 5)).  He seeks five million dollars in damages.  (*Id*. at 7).

3

In his Complaint against Twin Valley Mental Health Services, he asserts:

I was put in this place and given medication that harmed my physical conditions causing me two gain weight that could cause death and was promise no return. They locked me up and also prevents me from gaining public assets, help corrections falsely make health records to gain control of my medical care and well being.

(2:20-cv-1361 (Doc. 1-1 at 3)).  He does not seek any relief.

Finally, in his Complaint against the Columbus Police Department, he asserts the police:

Force there self on me took me from my house without my consent when I was  not no harm to myself or others and busted my head open which I suffer trama and was stiched up at Mont Carmel Hospital suffer verbal abuse until this day because of the knotts on head.

(2:20-cv-1362 (Doc.1-1 at 2)).

The Undersigned concludes that Plaintiff's allegations fail to provide sufficient factual content or context from which the Court could reasonably infer that Defendants violated Plaintiff's rights.  It appears, based on the content of the numerous actions he has brought in the recent years, that Plaintiff suffers from mental health issues.  Indeed, Plaintiff's allegations are so nonsensical as to render his Complaints frivolous.  *See Flores v. U.S. Atty. Gen.*, No. 2:14-cv-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (noting that a claim is frivolous if it lacks "an arguable basis either in law or in fact").  And the Undersigned is not required to accept the factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible."  *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

In sum, Plaintiff's allegations "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction.  *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009).  Plaintiff has failed to state a plausible claim for relief as a result.  *See, e.g.*, *Flores*, 2014 WL 358460, at *2 ("Because Plaintiff's claims are predicated upon irrational and delusional

4

allegations, the Undersigned finds that he has failed to state a plausible claim to relief.").

## III.   CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** Plaintiff's Motions for Leave to Proceed *in forma pauperis* (2:20-cv-1359 (Doc. 1); 2:20-cv-1361 (Doc. 1); 2:20-cv-1632 (Doc. 1)) and **RECOMMENDS** that the Court **DISMISS** these actions. It is also **RECOMMENDED** that civil action 2:20-cv-1080 be **DISMISSED without prejudice** for want of prosecution.

### <u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.

Date: April 22, 2020                  /s/Kimberly A. Jolson
                                      KIMBERLY A. JOLSON
                                      UNITED STATES MAGISTRATE JUDGE